**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RON FLEMMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-761-GPM |
| | ) | |
| DONALD GAETZ, SHAH VIPIN, | ) | |
| MRS. BROWN, DIRECTOR GODINEZ, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court for threshold review of Plaintiff's civil-rights complaint

seeking recovery pursuant to 42 U.S.C. § 1983. Plaintiff, who is incarcerated at Pinckneyville

Correctional Center, Pinckneyville, Illinois, asserts that he has been subjected to cruel and

unusual punishment in violation of the Eighth Amendment because the defendants have failed to

adequately treat his hernia, which has resulted in extreme pain, discomfort, nausea, and possible

bowel obstruction.

For purposes of review, the Court has divided Plaintiff's claims into separate counts. In

Count 1, Plaintiff alleges that defendants Mrs. Brown, head nurse, and Shah Vipin, head doctor,

were negligent and exhibited reckless disregard for the seriousness of Plaintiff's hernia. In Count

2, Plaintiff alleges that defendant Donald Gaetz, Chief Administrative Officer at Pinckneyville

Correctional Center, failed to protect Plaintiff from inadequate medical care and was deliberately

indifferent to Plaintiff's medical needs after he was denied care by Brown and Vipin. In Count 3,

Plaintiff alleges that defendants Godinez, Director of the Illinois Department of Corrections, and the Illinois Department of Corrections violated the Eighth Amendment by denying medical care and failing to protect Plaintiff.

**Threshold Review**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999) (quoting 28 U.S.C. § 1915A(b)(1)).

Title 28 of the U.S. Code, § 1915A, provides:

> (a) Screening.— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 580 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir.2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.2009). The Seventh Circuit has directed that courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

**Summary of Counts**

Plaintiff claims that he requested, but was denied, medical attention for pain from a hernia, and for possible bowel obstruction. The Eighth Amendment prohibits the government from inflicting "cruel and unusual punishments." U.S. CONST. amend. VIII. The denial of medical care may cause "pain and suffering which no one suggests would serve any penological purpose." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Therefore, "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In this case, Plaintiff's claim in Count 1 that he suffered pain and had a serious medical need that was denied by defendants Brown and Vipin is sufficient to withstand threshold review.

However, with respect to Count 2 against Goetz, plaintiff must allege some specific action or knowledge by that defendant with respect to his Eighth Amendment claim to survive threshold review. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996).

Upon review of the record, the Court finds that Plaintiff has simply named, but has not suffi-

ciently alleged, facts to give rise to a claim against defendant Goetz. There is no allegation or

claim of any specific action taken by this defendant which caused Plaintiff harm.

Similarly, Plaintiff has generally named the Director of IDOC, Godinez, but has not set

forth any specific facts which would establish knowledge or actions by Godinez that gave rise to

Plaintiff's claims of Eight Amendment violations. Godinez is also subject to dismissal.

Finally, Plaintiff cannot maintain this action against the Illinois Department of Correc-

tions because it is a state government agency. The Supreme Court has held that "neither a State

nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't*

*of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th

Cir.2001) (Eleventh Amendment bars suits against states in federal court for money damages);

*Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir.1995) (state Department of Corrections

is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d

425, 427 (7th Cir.1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir.1990) (same).

Therefore, plaintiff's claim against the Illinois Department of Corrections is subject to dismissal.

**Pending Motion**

Plaintiff has filed a second motion to appoint counsel (Doc. 7). He lists three organiza-

tions he has contacted seeking representation. There is no constitutional or statutory right to

appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th

Cir.2010). District courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to

assist pro se litigants. *Id.* When presented with a request to appoint counsel, courts must

consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been

effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself[.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). Plaintiff's motion is **DENIED** at this time. Plaintiff is advised that he may bring a new motion to appoint counsel once Defendants appear and this case proceeds with the magistrate judge.


**Disposition**

Defendants **DONALD GAETZ**, **DIRECTOR GODINEZ**, and the **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED** with prejudice.

The Clerk of Court **SHALL PREPARE** for Defendants **MRS. BROWN** and **SHAH VIPIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2) (A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, Plaintiff was deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

      **IT IS SO ORDERED.**

      DATED: September 14, 2012

s/ **G. Patrick Murphy**
G. PATRICK MURPHY
United States District Judge