IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RON FLEMMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-761-GPM-DGW |
| ) | |
| SHAH VIPIN and CHRISTINE BROWN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Preserve Qualified Immunity Defense filed by Defendant, Christine Brown, on December 20, 2012 (Doc. 31). The Motion is **DENIED AS MOOT**.

The Scheduling Order (Doc. 29) in this matter set the motion for summary judgment deadline on the issue of qualified immunity for January 18, 2013. The Order also limited discovery on the merits of this case until the issue of exhaustion has been resolved. Defendant seeks to "preserve" its affirmative defense of qualified immunity until the record is developed with respect to the merits of Plaintiff's case. Defendants in fact are seeking an extension of time to file a motion for summary judgment on the issue of qualified immunity.

The defense of qualified immunity is somewhat unique in that certain facts, taken in a light favorable to the Plaintiff, must be considered in making a determination. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988-989 (7th Cir. 2012); *Borello v. Allison*, 446 F.3f 742 (7th Cir. 2006). Qualified immunity, because it is immunity from the suit itself, must nonetheless be determined early in litigation in order to serve its purpose. Once this matter has gone through extensive discovery and is on the eve of trial, the defense holds less meaning: its purpose having

been frustrated by continued litigation.   Thus, the defense can be tested on the pleadings, perhaps blurring the line between a motion to dismiss and a motion for summary judgment.  *See e.g Estate of Miller*; *See also Jones v. Clark*, 630 F.3d 677, 679-680 (7th Cir. 2011).   In this particular matter, the Court notes that the Complaint itself is in the form of an affidavit and is itself "evidence."   Whether Defendants in this matter are therefore entitled to qualified immunity may be tested on the evidence currently before the Court.

Unless Defendants can present the Court with the facts that are necessary, but that have not been discovered, that would be relevant to a motion for summary judgment on qualified immunity, an extension of the deadline will not be granted.   This conclusion, however, does not necessarily mean that Defendants have waived a defense of qualified immunity: merely, that the deadline for filing a motion for summary judgment on the defense is January 18, 2013.

**DATED: January 10, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**