IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RON FLEMMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.3:12-cv-761-GPM-DGW |
| | ) | |
| SHAH VIPIN and CHRISTINE BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a), and the related Motion for Summary Judgment filed by Defendant, Christine Brown, on January 10, 2013 (Doc. 32).   For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART**,[1] that Defendant Brown be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

Plaintiff claims that Defendants failed to adequately treat his hernia which has caused him pain, discomfort, nausea, and vomiting (Doc. 1).   The events giving rise to the Complaint occurred in Pinckneyville, where Plaintiff is currently housed.   The only two remaining

---

[1] Defendant seeks summary judgment – the appropriate remedy for the failure to exhaust is dismissal without prejudice.

Defendants are Dr. Shah Vipin (whose name is actually Vipin Shah), who treated Plaintiff, and Christine Brown, who is a Health Care Unit Administrator (Plaintiff refers to her as head nurse).

Nurse Brown has filed a Motion for Summary Judgment on Exhaustion (Doc. 32) (Dr. Shah has not filed a motion or joined with Nurse Brown).   Nurse Brown contends that Plaintiff failed to specifically name her in a grievance and that he has therefore failed to exhaust his administrative remedies with respect to the claims against her in the Complaint.   There is only one grievance filed that his related to this lawsuit and it is dated April 9, 2012 (Doc. 32-1, p. 6).

In light of these arguments, this Court conducted a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), which was held on March 7, 2013.   Defendants appeared in person and Plaintiff appeared by videoconference.

**FINDINGS OF FACT**

Attached to the Motion for Summary Judgment is the Affidavit of Sarah Johnson who is the Chairperson of the Administrative Review Board (ARB).   She has attached the grievance filed by Plaintiff.   In the grievance, Plaintiff indicates that Dr. Shah has failed to treat his hernia appropriately and that Plaintiff is working with a Nurse Practitioner, Angel Rector, but is not getting better.   The grievance contains no reference to Nurse Brown either explicitly or implicitly.

In response, the Grievance Officer issued a report on April 25, 2012 (Doc. 32-1, p. 5) denying the grievance.   It appears, however, that the person who the Grievance Officer sought a response from was Nurse Brown.   Thus, the Grievance Officer's Report states:

> C. Brown HCUA indicated – The chart reflects that you have not been to nurse sick call with any of the symptoms you're reporting in your grievance.   Your hernia is easily reducible.   People live with hernias for years and some never require surgery.   The doctor has explained to you that your weight has increased by 9 pounds in 5 months and that you should try to lose weight.   He explained to you that your symptoms would improve with weight loss.      Surgery is not

2

recommended at this time.

(Doc. 32-1, p. 5).

In his letter appealing the decision (received by Inmate Issues on May 16, 2012), Plaintiff states that his weight has never been an issue (Doc. 32-1, p. 8).   Plaintiff does not otherwise dispute the statement made by Nurse Brown nor does he assert any claim against her.   The ARB denied the grievance noting that Plaintiff did not seek medical care through the Health Care Unit and that he should "follow sick call procedure" (Doc. 32-1, p. 4).

There is no question that Plaintiff completed the appeals process with respect to this grievance.

### CONCLUSIONS OF LAW

Generally, the exhaustion of administrative remedies serves two purposes: it gives the agency the opportunity to correct the problem; and, it can resolve problems more efficiently by giving the agency the ability to resolve problems before suit is filed.   *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).   In order to effectuate these purposes, the agency must be "given a fair opportunity to consider the grievance" which can only be achieved if "the grievant complies with the system's critical procedural rules."   *Id.* at 95.   In *Strong v. David*, 297 F.3d 646 (7th Cir. 2002), the Seventh Circuit Court of Appeals stated that: "Now we add the logical extension [to the requirement that inmates file grievances at the time and in the place required by the state] that the grievances must contain the sort of information that the administrative system requires."   *Id.* at 649; *See Keller v. Rasmussen*, 90 Fed.Appx. 949 (7th Cir. 2004).   When *Strong* was decided,   the State of Illinois did not require a grievance to name the individual who is the subject of the complaint.   That amendment came in 2003 -- Illinois regulations now provide that a grievance:

3

> Shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint.   This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin Code § 504.810(b)

The regulations which govern Plaintiff's grievance require that he indicate the name or descriptor of the person who is the subject of the grievance.  It would appear, then, that the failure of Plaintiff to name Nurse Brown in his grievance is fatal to this particular claim.  *See Tellez v. Walker*, 2009 WL 1470403 (S.D.Ill. 2009); *See also Woods v. Gaetz*, 2012 WL 1107758 (S.D.Ill. 2012).

It is clear that Plaintiff passed all the administrative hurdles in filing and appealing his grievance.  However, neither the grievance nor the appeal mentions Nurse Brown.  Rather, Plaintiff appears to have added her as a Defendant because she provided a response from the Health Care Unit.   In his response to the Motion for Summary Judgment, Plaintiff appears to state that he only added her because she reviewed his medical records and therefore should have been aware of his hernia condition and, apparently, done something about it (i.e. "C. Brown HCUA review chart between 4-13-12 and 4-25-12" where "symptoms were reported" (Doc. 34, p. 3)). At the hearing, Plaintiff also confirmed that he added her name because she reviewed his medical records and should have done something.   Plaintiff further admitted that he did file a grievance against Nurse Brown on February 1, 2013, after this lawsuit was filed, related to her review of Plaintiff's charts.

The grievance form filled out by Plaintiff does not include a separate space to identify the persons whom Plaintiff complains of.   Rather, it includes a section entitled "Brief Summary of

Grievance" and a section entitled "Relief Requested."  This same type of form was used by the plaintiff in *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011).  In that case the plaintiff filed a grievance regarding the failure to provide group worship services but did not name a particular defendant.  The Seventh Circuit stated: "[t]hat Maddox didn't specifically name the defendants in the grievance was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement."  *Id.* at 722.  The Court noted that the failure to name defendants did not take away from the purpose of filing the grievance:  "Maddox's grievance served its function by providing prison officials a fair opportunity to address his complaint.  He complained about an administrative decision . . . and it belies reason to suggest that prison administrators at Lawrence were unaware of who was responsible for that decision."  *Id.* at 722.  The Court found important that the prison had addressed his complaints on the merits without noting a procedural defect and that the very persons who made the administrative decisions reviewed and ruled on his grievance.

This case is factually different from *Maddox*, rendering it inapplicable.  Plaintiff is complaining of something more particular than a change in group religious programming: he is alleging that he is not receiving appropriate medical care from Dr. Shah.  The grievance itself does not place Brown, or the institution, on any notice of the claims against her nor could it be extrapolated that Plaintiff is asserting some claim against her.  More importantly, even after Nurse Brown provided the HCU's response to the grievance, Plaintiff did not mention her or her review of his medical records in his appeal.  Thus, at the time of the grievance, Plaintiff did not have a claim against Nurse Brown.  There is also no showing that Plaintiff is alleging a widespread action against the Health Care Unit itself – his claims are limited to Dr. Shah.  While

*Maddox* did indicate that a grievance is not necessarily used to place individual defendants on notice of the claim against them, it is hard to imagine that, in this case, the failure to name Nurse Brown is not fatal.   Nurse Brown appears to be on tangentially related to Plaintiff's claims which focus exclusively on Dr. Shah.   Plaintiff's claims against Nurse Brown, if any, could only have arisen after he filed his grievance against Dr. Shah.

To the extent that Plaintiff is attempting to add recently grieved claims against Nurse Brown to this suit, such an amendment should be denied.   Exhaustion is a precondition to filing suit.  42 U.S.C. § 1997e(a).  Plaintiff must exhaust his administrative remedies prior to filing suit, not while his suit is pending.  *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002).

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant, Christine Brown, on January 10, 2013 be **GRANTED IN PART** (Doc. 32), that Defendant Brown be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 13, 2013**

DONALD G. WILKERSON
**United States Magistrate Judge**