IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RON FLEMMING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-761-GPM |
| | ) |
| DR. VIPIN SHAH and CHRISTINE BROWN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 42), recommending this Court grant Defendant Christine Brown's motion for summary judgment and find Plaintiff failed to exhaust his administrative remedies prior to filing this 42 U.S.C. § 1983 suit. For the following reasons, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation.

## BACKGROUND

Plaintiff Ron Flemming is an inmate at Pinckneyville Correctional Center ("Pinckeyville"). He filed the instant lawsuit claiming that the defendants failed to adequately treat his hernia, which resulted in extreme pain, discomfort, nausea, and possible bowel obstruction. Plaintiff's claims against Defendants Vipin Shah, whom Plaintiff alleged is the "head doctor" at Pinckneyville, and Christine Brown, whom Plaintiff alleged is the "head nurse" at Pinckneyville, survived threshold review (Doc. 8). Nurse Brown subsequently moved for

summary judgment (Doc. 32). She argued that Plaintiff failed to specifically name her in a grievance, and therefore failed to exhaust his administrative remedies before bringing suit with respect to the claims against her (Doc. 32).

Upon consideration of Nurse Brown's exhaustion argument, Judge Wilkerson held an evidentiary hearing on March 7, 2013 in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Based on the evidence, Judge Wilkerson issued the Report and Recommendation currently before the Court. The Report and Recommendation was filed on March 13, 2013 (Doc. 42). Plaintiff filed his objections on March 21, 2013 (Doc. 45), and Nurse Brown responded on March 26, 2013 (Doc. 47).

Since timely objections have been filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. §§ 636(b)(1)(B), (C), FED. R. CIV. P. 72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993). In doing so, the Court "need not conduct a new hearing on the entire matter, but must give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.* (emphasis added) (citations omitted). The Court has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

### A. Overview of the Exhaustion Requirement

Lawsuits filed by inmates are governed by the provisions of the Prisoner Litigation Reform Act ("PLRA"). That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). As an inmate confined with the Illinois Department of Corrections, Plaintiff was required to follow the regulations contained in the Illinois Administrative Code to properly exhaust his claims. 20 Ill. Admin. Code § 504.800, et seq. Among other things, the Illinois Administrative Code requires that grievances filed by inmates name, or at least describe, "each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(b).

## B. Plaintiff's Objection to the Report and Recommendation

In his Report and Recommendation, Judge Wilkerson found that Plaintiff submitted one grievance, dated April 9, 2012, concerning the treatment of his hernia (Doc. 42). In that grievance, Plaintiff did not mention Nurse Brown by name or inference (Doc. 42). Plaintiff also did not mention Nurse Brown when he appealed the denial of his grievance to the Administrative Review Board ("ARB") (Doc. 42). Judge Wilkerson concluded the Plaintiff's failure to name or describe Nurse Brown in his grievance, and also in his appeal, meant that Plaintiff failed to exhaust his claim as to Nurse Brown. Accordingly, Judge Wilkerson recommended granting Nurse Brown's motion for summary judgment and dismissing the claim against her (Doc. 42).

Plaintiff filed an objection to the Report and Recommendation. Plaintiff did not, however, explain how Judge Wilkerson's decision was incorrect (*See* Doc. 45). Instead, Plaintiff merely reiterates his belief that Nurse Brown was not truthful in her review of his medical records and Dr. Shah's actions,[1] and seems to take exception to the possibility that Nurse Brown may be

---

[1] Nurse Brown became connected to the matter after Plaintiff submitted his grievance. Based on

dismissed from the action (Doc. 45).

However, the Court finds that Judge Wilkerson correctly determined Plaintiff failed to exhaust his administrative remedies as to Nurse Brown, and therefore his claim against her should be dismissed. There is no mention of Nurse Brown, either explicit or implicit, on the face of Plaintiff's grievance. In fact, Plaintiff admitted that he was only grieving against Dr. Shah (Docs. 42, 45), and the evidence shows that Nurse Brown played no role in the alleged denial of medical treatment that was the subject of Plaintiff's grievance. Nurse Brown became connected to the matter only after her name appeared in the Grievance Officer's Report denying Plaintiff's grievance (Doc. 42, *see also* Doc. 32-1). Additionally, when Plaintiff appealed the denial of his grievance to the Administrative Review Board ("ARB"), Plaintiff did not mention Nurse Brown or assert any claim against her. Since Nurse Brown was not mentioned in Plaintiff's grievance or his appeal to the ARB, the prison had no knowledge of Plaintiff's complaint against Nurse Brown until he filed this lawsuit, which is precisely what the exhaustion requirement aims to prevent. *Jones v. Bock*, 549 U.S. 199, 219 (2007) (identifying the benefits of exhaustion to include "allowing a prison to address complaints about the program it administers before being subjected to suit . . . .")

The Court also agrees with Judge Wilkerson's conclusion that *Maddox v. Love*, 655 F.3d 709 (7th Cir. 2011) is inapplicable. In *Maddox*, the plaintiff was challenging the cancellation of African Hebrew Israelite services at Lawrence Correctional Center, a decision that was made at the departmental level. *Id.* at 712, 714. The Seventh Circuit found that the inmate had exhausted his administrative remedies, even though he had not named or described any of the individuals

---

the evidence, it appears that the Grievance Officer sought Nurse Brown's assistance in determining the merits of Plaintiff's grievance. Nurse Brown reviewed Plaintiff's medical records and gave a statement to the Grievance Officer, which was included in the Grievance Officer's Report denying the grievance (*See* Doc. 32-1, p. 5).

responsible for the cancellation of the religious services in his grievance because the prison had not rejected the grievance on procedural grounds but ruled on the merits, and the grievance dealt with an administrative decision which the Court found highly unlikely that the prison would be unaware of who was in charge of that decision. *Id.* at 721–22.

Here, while Plaintiff's grievance was decided on the merits, Plaintiff specifically listed Dr. Shah as the prison official responsible for the lack of medical treatment for his hernia, not Nurse Brown. Additionally, the denial of medical treatment is not the type of decision, administrative or otherwise, where the prison would know that Nurse Brown was involved just by the nature of Plaintiff's grievance. Rather, the prison would have only been on notice of Plaintiff's complaint against Nurse Brown with some description from Plaintiff in his grievance. In situations such as this, the Seventh Circuit has affirmed the dismissal of prison officials when the plaintiff's grievance failed to mention the officials by name or otherwise implicate them in the alleged constitutional violation. *Ambrose v. Godinez*, Case No. 11-3068, 2013 WL 647292, at *2 (7th Cir. Feb. 22, 2013).

## CONCLUSION

For the reasons set forth above, Plaintiff's objection to the Report and Recommendation is **OVERRULED**. The Report and Recommendation of Magistrate Judge Wilkerson (Doc. 42) is **ADOPTED** in full. Defendant Christine Brown's motion for summary judgment (Doc. 32) is **GRANTED**, and Defendant Brown is **DISMISSED** with prejudice from this action.

This case shall proceed against only Vipin Shah, M.D. The Defendant is listed as "Shah Vipin" on the Court's docket sheet, however, his name is actually "Vipin Shah." The Clerk of the Court is **DIRECTED** to correct the spelling of Defendant Vipin Shah's name.

**IT IS SO ORDERED.**

DATED:   June 17, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge