IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RON FLEMMING,                            )
                                         )
           Plaintiff,                    )
                                         )
    v.                                   )          Case No. 3:12-cv-761-GPM-DGW
                                         )
VIPIN SHAH,                              )
                                         )
           Defendant.                    )

## ORDER

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion to Compel Responses filed by Plaintiff, Ron

Flemming, on June 27, 2013 (Doc. 58), the Motion for Protective Order filed by Defendant, Vipin

Shah, on July 5, 2013 (Doc. 62), and the Motion to Supplement filed by Plaintiff on July 31, 2013

(Doc. 67).   The Motion to Compel is **GRANTED IN PART**, the Motion for Protective Order is

**GRANTED**, and the Motion to Supplement is **GRANTED**.

Plaintiff has filed suit alleging that Defendant failed to adequately treat his hernia while he

was incarcerated at the Pinckneyville Correctional Center.   In the pending Motion to Compel,

Plaintiff seeks responses to requests for production of documents that include:

    2.  Wexford hernia policy and protocol in HCU
    3.  HCUA work policy over health care unit and also duties.
    4.  Doctor's medical policy and protocol.
    5.  Nurse practitioner policy and protocol in HCU.
    7.  PNKCC medical policy on receiving new inmates from Joliet ARC.
    (Doc. 58, pp. 2-4)

In response to these requests, Defendant generally states that the documents are irrelevant, that the

requests are overly broad, but that he will produce specific policies, identified by Plaintiff, subject

to a protective order.   With respect to Request 7, Defendant states that he is not in possession of the document.   In response to the Motion, Defendant states that he will produce specific policies, provided that the requests are limited in time and scope and has filed a motion for a protective order that would limit disclosure of the policies sought.

Plaintiff is not alleging that there is an unconstitutional policy or practice that was employed by Defendant.   Rather he is alleging that Dr. Shah was deliberately indifferent to his serious medical need.   Whether or not Dr. Shah followed any policies in place with respect treatment of Plaintiff's hernia would only be tangentially relevant to his claim and would only go to whether "no minimally competent professional would have so responded under [the same] circumstances."   *Sain v. Wood*, 512 F.3d 886, 894-5 (7th Cir. 2008).   The requests are also overly broad, being limited by neither time nor specific application.   For example, "Doctor's medical policy and protocol" could refer to policies related to emergency care, particular conditions, or even administrative matters.   The Court assumes, however, that Plaintiff is seeking specific policies with respect to the diagnosis and treatment of a hernia and general policies on how a condition should be addressed by medical staff.   The Court further assumes that Plaintiff is seeking policies in place during the relevant time period, 2011 to the present.   Therefore, subject to a protective order that will be entered on this date, Defendant shall provide the documents, in his possession, as limited by this Court and the protective order.   Plaintiff is not entitled to all policies governing medical staff at Pinckneyville: he is entitled to only those policies that would inform staff on how to diagnose, treat, and/or manage an inmate with a hernia (including general policies on how inmate conditions should be addressed by medical staff).

Finally, Plaintiff seeks to supplement his Motion for Summary Judgment with additional

documents and an affidavit.   The Motion is **GRANTED**.   Defendant is accordingly **GRANTED** ten (10) days from the date of this order to supplement their response to the Motion for Summary Judgment (if necessary) (Doc. 66).

For the foregoing reasons, the Motion to Compel Responses filed by Plaintiff (Doc. 58) is **GRANTED IN PART**, the Motion for Protective Order filed by Defendant (Doc. 62) is **GRANTED**, and the Motion to Supplement filed by Plaintiff on July 31, 2013 (Doc. 67) is **GRANTED**.   A protective order will be entered by separate docket entry.   Defendant is **GRANTED** ten (10) days from the date of this order to file a supplemental response to the Motion for Summary Judgment (Doc. 59).

**IT IS SO ORDERED.**

**DATED: August 2, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**