IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RON FLEMMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-761-NJR-DGW |
| | ) | |
| VIPIN SHAH, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 104).   For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED IN PART and DENIED AS MOOT IN PART**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Ron Flemming, currently incarcerated at Hill Correctional Center ("Hill CC"), brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff is currently proceeding against Defendant Vipin Shah for alleged deliberate indifference to his medical needs.   The events giving rise to Plaintiff's Complaint occurred while Plaintiff was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").   In his Complaint, Plaintiff alleges that the treatment he received from Defendant Shah while at Pinckneyville was not

effective in treating his hernia.   As a result, Plaintiff alleges that he suffers from significant pain, discomfort, and nausea.

Following his recent transfer to Hill CC, Plaintiff filed this Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 104).   In his Motion, Plaintiff asks that the Court order Dr. Kul Sood, the medical director at Hill CC, to arrange for Plaintiff to be taken to an outside specialist for a surgical operation on his hernia, and that he be prescribed a course of physical therapy treatment to restore his muscle function and resume his daily activities.   In support of his Motion, Plaintiff asserts that, upon his transfer to Hill CC, Dr. Sood has continued to follow the treatment regimen Plaintiff was receiving at Pinckneyville.   Specifically, Plaintiff alleges that Dr. Sood has issued him a low bunk permit and abdominal binder and prescribed pain medication and stool softeners.   However, Plaintiff continues to assert that this course of treatment is ineffective, and his hernia is getting larger and causing increased pain.

Defendant Shah filed a timely response to Plaintiff's Motion (Doc. 105).   Defendant argues that Plaintiff's motion is improper, as Defendant Sood is not a party to this lawsuit. Defendant also argues that this motion is inappropriate at this time, as Plaintiff is seeking a portion of the same relief he seeks on the merits in his suit.   Moreover, Defendant asserts that Plaintiff cannot establish the elements required to mandate a preliminary injunction.

The Court also notes that a review of the docket indicates that Plaintiff recently received surgery to repair his hernia (See Docs. 131 and 135).   Accordingly, as to Plaintiff's request for a Court order mandating surgery to repair his hernia, his request should be **DENIED AS MOOT**. However, Plaintiff has also asked the Court to order Dr. Sood to provide him with a physical therapy regimen.   Accordingly, the Court will consider the merits of this portion of Plaintiff's

Motion.

CONCLUSIONS OF LAW

***Temporary Restraining Order***

Federal Rule of Civil Procedure 65 provides specific procedures for the issuance of a preliminary injunction and a temporary restraining order ("TRO").   A TRO can be issued without notice and, by its term, is temporary in nature.   If a TRO is issued without notice, the matter must be set for a hearing on a motion for a preliminary injunction.   Rule 65(a) states that no preliminary injunction shall be issued unless notice is given to the adverse party.   In addition, Plaintiff must show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted.   Finally, Plaintiff must show that the injunction will not harm the public interest.   *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).   *See also Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).   If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another."   *Joelner*, 378 F.3d at 619.

In this case, Plaintiff is not entitled to a TRO.   Plaintiff's request for a TRO has been *de facto* converted into a motion for preliminary injunction as the respondent is on notice of the request and has been given an opportunity to respond.   *See Doe v. Village of Crestwood, Illinois*, 917 F.2d 1476, 1477 (7th Cir. 1990).   Therefore, because the Court will rule on the merits of Plaintiff's Motion for Preliminary Injunction, the Court **RECOMMENDS** that Plaintiff's request for a temporary restraining order be **DENIED**.

***Preliminary Injunction***

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In his Motion, Plaintiff complains of a non-reducible hernia that is causing him significant pain. Although certainly uncomfortable, Plaintiff's complaints do not establish that he is

suffering from "irreparable harm."[1]   *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir.

1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for.

The injury must be of a particular nature, so that compensation in money cannot atone for it."

(quotation marks, internal editing marks, and citation omitted)).   A review of Plaintiff's medical

records submitted in support of his Motion indicate that, while causing him pain and discomfort

for the previous four years, Plaintiff's hernia is not causing any severe complications.   Moreover,

Plaintiff has not provided evidence showing he will suffer harm following surgery without

receiving physical therapy treatment.   Further, it appears that Plaintiff's claim of deliberate

indifference to medical needs has an adequate remedy at law.

Moreover, the Court notes that Plaintiff is asking the Court to order Dr. Sood, the physician

at his current institution, to arrange for him to have hernia surgery and receive physical therapy.

Dr. Sood is not a party to this action.   Rather, the only Defendant is Dr. Shah, who is no longer

Plaintiff's healthcare provider.   As such, to the extent that Plaintiff seeks relief from an individual

not a party to this action, Plaintiff's Motion is improper.   Accordingly, based on all of the

foregoing, Plaintiff's request for a preliminary injunction to obtain physical therapy treatment

should be **DENIED**.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Temporary

Restraining Order and Preliminary Injunction (Doc. 104) be **DENIED IN PART AND DENIED**

**AS MOOT IN PART**, and that the Court adopt the foregoing findings of fact and conclusions of

law.

---

[1] Further, as mentioned above, it appears that Plaintiff has received surgery to treat his hernia.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 19, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**